1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11
12
13
14
15
16

| | |
|---|---|
| DEBORAH COONEY,<br><br>                          Petitioner,<br><br>          v.<br><br>CYNTHIA COX,<br><br>                          Respondent. | Civil       16cv2345-LAB (JLB)<br>No.<br><br>**ORDER DISMISSING CASE<br>WITHOUT PREJUDICE** |

Petitioner Deborah Cooney, a person detained at the Las Colinas Detention and

17

18   Reentry Facility in Santee, California, has filed a Petition for a Writ of Habeas Corpus

19   pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  Petitioner indicates that she is currently

20   incarcerated "purportedly for an extradition proceeding" to Florida, and requests this

21   Court to order her immediate release on bail or her own recognizance.  (Pet. at 1.)

22          The Petition is subject to dismissal because Petitioner has failed to satisfy the

23   filing fee requirement, and on abstention grounds.

24                    **FAILURE TO SATISFY FILING FEE REQUIREMENT**

25          Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed

26   in forma pauperis.  Because this Court cannot proceed until Petitioner has either paid the

27   $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the

28   case without prejudice.  See Rule 3(a), 28 U.S.C. foll. § 2254.

## ABSTENTION

In addition, because Petitioner is challenging ongoing state proceedings, this Court is barred from consideration of her claim by the abstention doctrine announced in <u>Younger v. Harris</u>, 401 U.S. 37 (1971).  Under <u>Younger</u>, federal courts may not interfere with ongoing state proceedings absent extraordinary circumstances.  <u>Id.</u> at 45-46; <u>see</u> <u>Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 431 (1982) (stating that <u>Younger</u> "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings."); <u>see</u> <u>Sherwood v. Tompkins</u>, 716 F.2d 632, 634 (9th Cir. 1983) (holding that the concerns of <u>Younger</u> abstention are particularly important in the federal habeas context where a state prisoner's conviction may be reversed by the state court, thereby rendering the federal issue moot.)

Absent extraordinary circumstances, abstention under <u>Younger</u> is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issues.  <u>Columbia Basin Apartment Ass'n v. City of Pasco</u>, 268 F.3d 791, 799 (9th Cir. 2001).  These criteria are satisfied here.  Petitioner indicates that her state case is still ongoing, and she has not shown she is unable to petition the state courts for the relief she seeks.  Because Petitioner has not shown extraordinary circumstances, to the extent she is seeking intervention in her ongoing state proceedings, abstention is required.  <u>See</u> <u>Drury v. Cox</u>, 457 F.2d 764, 764-65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.")

## CONCLUSION AND ORDER

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254.  Here, it is plain from the Petition that Petitioner is not

presently entitled to federal habeas relief because she has not satisfied the filing fee requirement, and on abstention grounds.

Based on the foregoing, the Court **DISMISSES** the case due to Petitioner's failure to satisfy the filing fee requirement, and on abstention grounds.  The dismissal is without prejudice.

**IT IS SO ORDERED.**

DATED:  September 27, 2016

HONORABLE LARRY ALAN BURNS
United States District Judge